IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THOMAS CLAIR, on behalf of himself and as Administrator of the Estate of JACLYN CLAIR, <br><br> Plaintiff, <br><br> vs. <br><br> COOK COUNTY, Illinois, the SHERIFF of the COOK COUNTY, Cook County Sheriff's Officers SHEILA TAYLOR (#15761), GAIL MALONE (#15989), MICHELLE BROWN (#3182), and Officer McMillian, Cermak Health Services staff Nurse PAULINA UDE, Dr. CONCETTA MENNELLA and other UNKNOWN COOK COUNTY and SHERIFF EMPLOYEES; <br><br> Defendants. | 16CV1334 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiff THOMAS CLAIR, on behalf of himself and as Administrator of the estate of JACLYN CLAIR, Plaintiff's deceased daughter, through his attorneys, Torreya L. Hamilton and Thomas P. Needham, makes the following complaint against Defendant COOK COUNTY ("Defendant COUNTY"), Cermak Health Services staff members UDE, MENELLA and other unknown Cook County employees ("Defendant COUNTY EMPLOYEES"), Defendant SHERIFF of COOK COUNTY ("Defendant SHERIFF") and Defendants TAYLOR, MALONE, BROWN, MCMILLIAN and other unknown Sheriff employees ("Defendant SHERIFF EMPLOYEES"),

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments, to address the deprivation, under color of law, of Plaintiff's rights under the United States Constitution and Illinois common and statutory law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§ 1391(b). All of the parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

## PARTIES

4. Plaintiff THOMAS CLAIR is a citizen of the United States who resides in Huntley, Illinois. Plaintiff is the father of decedent JACLYN CLAIR, and the Administrator of her estate. JACLYN CLAIR was a citizen of the United States and pre-trial detainee at Cook County Jail ("CCJ") at the time of her death.

5. Defendant COOK COUNTY is a local government entity in the State of Illinois, and has the responsibility of funding and oversight of the Cook County Jail.

6. Defendant SHERIFF, is the elected Sheriff of Cook County, and whose office is responsible for oversight of Cook County jail. Defendant SHERIFF is sued in his official capacity.

7. Defendant SHERIFF EMPLOYEES, at all relevant times, are or were Cook County correctional officers, or other employees and/or agents of Defendant SHERIFF, acting within the scope of their employment, and under color of law.

8. Defendant COUNTY EMPLOYEES, at all relevant times, are or were medical personnel at Cermak Health Services, or other employees and/or agents of Defendant COUNTY, acting within the scope of their employment, and under color of law.

9. Defendants SHERIFF and COUNTY share responsibility for the medical needs of detainees at Cook County jail.

## FACTS

10. On January 26, 2015, Decedent, JACLYN CLAIR, was arrested for retail theft in Norridge, Illinois.

11. On January 27, 2015, JACLYN was transferred into the custody of the Defendant SHERIFF's Office at Cook County Jail ("CCJ").

12. At the time of her arrest, JACLYN was struggling with a heroin addiction, asthma, and mental health problems.

13. Upon intake into the jail, unknown employees of Defendant COUNTY examined and evaluated JACLYN for medical and psychiatric issues, but failed to recognize, or deliberately disregarded her serious medical and psychiatric problems.

14. While JACLYN was in the custody of Defendant SHERIFF at the CCJ, she suffered severe and obvious symptoms as a result of her heroin withdrawal, asthma, and mental health problems.

15. On information and belief, JACLYN made requests for medical treatment to Defendant SHERIFF and/or Defendant COUNTY employees or otherwise made her serious physical and emotional distress known to them, but Defendant SHERIFF and COUNTY employees either ignored her, or otherwise failed to provide her with adequate or necessary medical treatment.

16. JACLYN's family and her criminal defense attorney complained to unknown Defendant SHERIFF and COUNTY employees about JACLYN's deteriorating physical and mental state and her need for medical and psychiatric help.

17. On January 28, 2015, pursuant to a request by her family and criminal defense attorney, a Cook County Judge ordered that JACLYN be transferred to the Department of Women's' Justice Services (DWJS) to undergo mental health and/or substance abuse evaluation(s) and treatment for a period of 90 days.

18. On information and belief, while in the custody of Defendant SHERIFF at the DWJS, JACLYN was under the care of psychiatric personnel.

19. On February 5, 2015, JACLYN complained to Defendant MALONE and UDE that she was having chest pains and that she hadn't slept in several nights.

20. On February 5, 2015, JACLYN at approximately 3:30 in the morning, JACLYN requested medical treatment.

21. Defendant MALONE took JACLYN to see Defendant UDE. At the time, JACLYN was exhibiting symptoms of heroin withdrawal and severe mental distress.

22. JACLYN was not given methadone or any other adequate treatment or medication for her heroin withdrawal symptoms.

23. Shortly after returning to her cell, while still in the custody and care of Defendant SHERIFF and in the DWJS, Defendants MALONE, TAYLOR, BROWN, MCMILLIAN and UDE failed to supervise JACLYN and she committed suicide by hanging herself.

24. JACLYN is survived by her parents, Thomas and Esther Clair, and her sister, Dottie McGuire.

25. JACLYN P. CLAIR was 30 years old.

## COUNT I
(§1983 Due Process Claim – Failure to Provide Medical Care)

26. Each of the preceding paragraphs is incorporated as if fully restated here.

27. As more fully described above, JACLYN had serious medical needs as she was suffering from heroin withdrawal, asthma and mental health issues.

28. As more fully described above, Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES were aware of, but deliberately indifferent to, JACLYN's serious medical needs and to the substantial risk of harm to her.

29. Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES failed to diagnose or take appropriate steps to treat, supervise or protect JACLYN, which constitutes deliberate indifference to her serious medical needs in violation of the Fourteenth Amendment to the Constitution.

30. As a result of Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES' deliberate indifference, JACLYN suffered physical and emotional pain and suffering, loss of life, and her estate incurred funeral and burial expenses.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES, jointly and severally, in a fair and just amount sufficient to compensate JACLYN's estate for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
(§1983 Due Process Claim – Conditions of Confinement)

31. Each of the preceding paragraphs is incorporated as if fully restated here.

32. The protection of inmates from the foreseeable risk of suicide is one of the conditions of confinement that is subject to the Fourteenth Amendment of the United States Constitution.

33. As more fully described above, while JACLYN was in the custody of Defendant SHERIFF, she was suffering from serious medical needs, including heroin withdrawal, asthma and mental health problems.

34. Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES were aware of JACLYN's heroin withdrawal and mental health issues and knew there existed a substantial risk of her harming herself.

35. Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES failed to take reasonable measures to prevent harm to JACLYN.

36. Defendants were thus deliberately indifferent to JACLYN's physical safety, and this indifference resulted in JACLYN's suicide.

37. As a result of Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES UNKNOWN EMPLOYEES deliberate indifference, JACLYN suffered physical and emotional pain and suffering, loss of life, and her estate incurred funeral and burial expenses.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES in a fair amount sufficient to compensate

JACLYN's estate for her damages, plus punitive damages, as well as court costs, attorney's fees, and any other relief the Court determines are just and equitable.

## COUNT III
(42 U.S.C. §1983, *Monell* Claim)

38. Each of the preceding paragraphs is incorporated as if fully restated here.

39. The Constitutional violations detailed above were caused in part by the customs, policies, and widespread practices of the Defendant COUNTY and SHERIFF which fail to provide CCJ detainees suffering substance abuse withdrawal symptoms or mental health problems with adequate evaluations and treatment causing detainees to suffer both physically and emotionally, and they also fail to properly monitor such inmates to prevent the foreseeable risk of them harming themselves.

40. These policy failures include: (1) fostering an atmosphere at the CCJ where correctional and medical personnel were permitted to disregard detainees who are "dope sick" or going through substance abuse withdrawal; (2) failing to ensure that serious medical needs of detainees could be treated in a reasonable time frame; (3) failing to conduct adequate assessments and evaluations of a detainee's health problems by qualified physicians; and (4) failing to have sufficient policies for monitoring inmates going through heroin withdrawal for the foreseeable risk of suicide or for the risks of them otherwise harming themselves; (5) failing to maintain sufficient practices to provide medical care for detainees going through heroin withdrawal while detained in CCJ; and (6) failing to train their employees to recognize and prevent the risk of suicide by detainees.

41. Defendant COUNTY and Defendant SHERIFF have long been aware that failing to provide adequate and timely treatment to detainees experiencing serious and life threatening substance abuse withdrawal symptoms is unconstitutional. See *Davis v. Carter*, 452 F.3d 686 (7th Circuit 2006).

6

42. As a direct and proximate result of these acts and omissions, JACLYN experienced severe pain and suffering and ultimately death, and her estate incurred funeral and burial expenses.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant COUNTY and SHERIFF in a fair and just amount sufficient to compensate Decedent's estate for her damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT IV**
(740 ILCS 180/1 *et seq.*, Illinois Wrongful Death)

43. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

44. As more fully described above, the Defendants owed the decedent JACLYN CLAIR the duty to refrain from willful and wanton acts or omissions that could cause her suffering or death.

45. As more fully described above, Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES breached their duty of care by willfully and wantonly committing one, more, or all of the following acts or omissions: deliberately ignoring the serious medical needs of JACLYN; failing to bring the JACLYN's condition to the attention of medical personnel so that JACLYN could be properly diagnosed and treated; refusing to allow the JACLYN to make requests for medical treatment; refusing JACLYN's requests for medical attention; failing to provide timely access to medical treatment for a serious condition of which they were aware; failing to monitor JACLYN for the foreseeable risk of suicide; and/or otherwise acting willfully and wantonly towards JACLYN, in total disregard for her medical needs.

46. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions of Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES, JACLYN P. CLAIR died on February 5, 2015.

47. Defendant COUNTY and Defendant SHERIFF are sued in this count pursuant to the doctrine of *respondeat superior*, in that their employees performed the acts or omissions complained of

while on duty and in the employ of Defendant COUNTY and/or Defendant SHERIFF, and while acting within the scope of their employment.

48. JACLYN left surviving, her next of kin: her father, Plaintiff THOMAS CLAIR, her mother, Esther Clair, father, and her sister Dottie McGuire.

49. By reason of JACLYN's death, her next of kin have suffered profound grief, as well as a loss of the support, society, and comfort of their loved one, JACLYN CLAIR.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants, jointly and severally, in a fair and just amount sufficient to compensate Plaintiff's next of kin for the damages they have suffered from the loss of their loved one, JACLYN CLAIR, and such other relief this Court deems just and equitable.

## COUNT V
(Illinois Survival Claim - Intentional Infliction of Emotional Distress)

50. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

51. Between January 27, 2015 and February 5, 2015, Decedent JACLYN CLAIR was suffering from heroin withdrawal, asthma, and mental health symptoms.

52. Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES knew from their observations that JACLYN was in need of medical care, and through their willful and wanton acts or omissions, they failed to take reasonable action to summon medical care for her.

53. Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES willful or wanton disregard of JACLYN's severe physical and emotional distress constitutes extreme and outrageous conduct.

54. Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES knew their failure to help JACLYN was likely to, and did, cause JACLYN's to suffer severe emotional distress, and ultimately she committed suicide.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, in a fair and just amount sufficient to compensate JACLYN's estate for the injuries she has suffered, as well as such other relief that is just and equitable.

## COUNT VI
(Illinois Survival Claim – Willful and Wanton Negligence)

55. Each of the preceding paragraphs is incorporated as if fully re-stated here.

56. As more fully described above, Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES owed JACLYN the duty to refrain from willful and wanton acts or omissions that could cause JACLYN harm.

57. As more fully described above, Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES breached their duty of care by willfully and wantonly committing one, more, or all of the following acts or omissions: deliberately ignoring JACLYN's serious medical needs; failing to bring JACLYN's condition to the attention of medical personnel so that JACLYN could be properly diagnosed and treated; refusing to allow JACLYN to make requests for medical treatment; refusing JACLYN's requests for medical attention; failing to provide timely access to medical treatment for a serious condition of which they were aware; failing to monitor JACLYN for the foreseeable risk of suicide; and/or otherwise acting willfully and wantonly toward Decedent, in total disregard for her medical needs and safety.

58. As a direct and proximate result of one or more of the foregoing willful and wanton acts and/or omissions of Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES, JACLYN CLAIR suffered serious emotional and physical pain and suffering prior to her death on February 5, 2015.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, in a fair and just amount sufficient to compensate Decedent's estate for the physical and emotional harm JACLYN suffered prior to her death, as well as such other relief that is just and equitable.

## Count VII–Indemnification
(Against Defendants COUNTY and SHERIFF)

59. Plaintiff restates the preceding paragraphs as if fully restated here.

60. The acts or omissions alleged above against Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES was committed within the scope of their employment with and/or within their authorized agency for Defendants COUNTY and/or SHERIFF.

61. Defendants COUNTY and/or SHERIFF are public entities required to provide indemnity within the meaning of 735 ILCS 10/9-102 and other applicable laws and ordinances for all actual damages caused by Defendant COUNTY EMPLOYEES and Defendant SHERIFF EMPLOYEES while acting in the scope of their employment or within their authorized agency.

   **WHEREFORE**, Plaintiff prays for judgment against Defendants COUNTY and SHERIFF for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

THOMAS CLAIR, Plaintiff, on behalf of himself
and as Administrator of the Estate of JACLYN P. CLAIR,

By: /s Torreya L. Hamilton
      Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

By: /s Thomas P. Needham
      Attorney for Plaintiff

THE LAW OFFICE OF THOMAS P. NEEDHAM
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604

312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722