UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS CLAIR, on behalf of himself and as Administrator of the Estate of JACLYN CLAIR, | )<br>)<br>) 16 C 1334 |
| Plaintiff, | )<br>) |
| | ) Judge Gary Feinerman |
| vs. | )<br>) |
| COOK COUNTY, ILLINOIS, COOK COUNTY SHERIFF, SHEILA TAYLOR, GAIL MALONE, MICHELLE BROWN, JIMMY MCMILLIAN, PAULINA UDE, CONCETTA MENNELLA, TAMEIKA THOMAS, WALTRAUD CRUZ, PAMELA MOORE, SGT. DEANES, HOPE MCGEE, KAREN PURCELL, MARIE LANE, DRUCILLA KILGORE, REBECCA MASI, GLEN TRAMMEL, NONGRAM SARIKA, CHINEDU AKOMA, DIANE LAVENDER, JANICE BARNES, PETER OBAZUAYE, SHEEBA MAMMEN, TIFFANY SCHAEFER, PAMELA HUMPHRIES, PATTY WASHINGTON, and HILDA PRETTY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Thomas Clair ("Clair"), on behalf of himself and as the administrator of the estate of his daughter, Jaclyn Clair ("Jaclyn"), brought this suit alleging federal and state law claims arising from Jaclyn's suicide while she was a pretrial detainee at Cook County Jail. Docs. 1, 38. Defendants have moved to dismiss Clair's state law claims (but not his federal claims) under Federal Rule of Civil Procedure 12(b)(6). Docs. 59, 83, 95, 107. The motion is denied.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider

1

"documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Clair's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). The facts are set forth as favorably to Clair as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Jaclyn was arrested for retail theft on January 26, 2015, and placed in pretrial detention at Cook County Jail. Doc. 38 at ¶¶ 10-11. During her detention, Jaclyn experienced obvious and severe symptoms of heroin withdrawal, but her repeated pleas for medical treatment were ignored. *Id*. at ¶¶ 15, 17, 19-25. On February 5, 2015, shortly after her final request for help, Jaclyn committed suicide by hanging herself in her cell. *Id*. at ¶¶ 23-26.

On January 27, 2016, Clair brought this suit against Cook County, County employees Ude and Mennella, the Cook County Sheriff, Sheriff employees Taylor, Malone, Brown, and McMillian, and "unknown" Cook County and Sheriff employees. Doc. 1 at 1. On September 21, 2016, Clair filed an amended complaint, which named the previously unknown defendants. Doc. 38. The amended complaint asserts claims against Cook County, Cook County employees Ude, Mennella, Kilgore, Masi, Trammel, Sarika, Akoma, Lavender, Barnes, Obazuaye, Mammen, Schaeffer, Humphries, Washington, and Pretty, the Cook County Sheriff, and Sheriff employees Taylor, Malone, Brown, McMillian, Thomas, Cruz, Moore, Deanes, McGee, Purcell, and Lane. *Ibid*. The suit asserts federal claims under 42 U.S.C. § 1983 and state law claims for

wrongful death, intentional infliction of emotional distress, and willful and wanton negligence. *Ibid*.

**Discussion**

Cook County, Ude, Mennella, Masi, Pretty, and Trammel moved to dismiss the state law claims against them, Doc. 59, and the remaining defendants later joined the motion, Docs. 83, 95, 107. The motion asserts two grounds for dismissal. First, Defendants contend that §§ 6-105 and 6-106(a) of the Illinois Tort Immunity Act ("TIA"), 745 ILCS 10/6-105, 106(a), shield them from liability on the state law claims. Doc. 59 at 3-5. Second, they argue that the claims against the defendants not named until the amended complaint are barred by the one-year statute of limitations set forth in 745 ILCS 10/8-101(a). *Id*. at 5-7.

**I.  Immunity**

Immunity under the TIA operates as an affirmative defense, so Defendants "bear the burden of properly raising and proving their immunity under the Act." *Salvi v. Vill. of Lake Zurich*, 66 N.E.3d 894, 908 (Ill. App. 2016). Section 6-105 of the TIA states:

> Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury caused by the failure to make a physical or mental examination, or to make an adequate physical or mental examination of any person for the purpose of determining whether such person has a disease or physical or mental condition that would constitute a hazard to the health or safety of himself or others.

745 ILCS 10/6-105. Section 6-106(a) states:

> Neither a local public entity nor a public employee acting within the scope of his employment is liable for injury resulting from diagnosing or failing to diagnose that a person is afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction.

745 ILCS 10/6-106(a). In Defendants' view, those provisions immunize them because the gravamen of Clair's state law claims is that they negligently examined or misdiagnosed Jaclyn before she committed suicide. Doc. 59 at 5.

3

Clair responds by citing § 6-106(d) of the TIA, which states:

> Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in administering any treatment prescribed for mental or physical illness or addiction or exonerates a local public entity whose employee, while acting in the scope of his employment, so causes such an injury.

745 ILCS 10/6-106(d). According to Clair, his state law claims fall outside the scope of §§ 6-105 and 6-106(a)—and within the scope of § 106(d)—because they allege that Defendants failed to treat Jaclyn despite her obvious symptoms of withdrawal. Doc. 92 at 4-6.

Clair is correct, at least at the pleading stage. Sections 6-105 and 6-106 grant immunity to local public entities and public employees who fail to conduct adequate examinations or fail to diagnose illnesses. *See Mich. Ave. Nat'l Bank v. Cnty. of Cook*, 714 N.E.2d 1010, 1015-17 (Ill. App. 1999). However, "§ 6-105 does not immunize defendants against claims based on obvious conditions," *Alvarez v. Riesche*, 1999 WL 519383, at *10 (N.D. Ill. July 12, 1999), and "[§] 6-106 … does not immunize for a failure to treat," *Ryce v. Cnty. of Cook*, 2016 WL 6908413, at *6 (Ill. App. Nov. 23, 2016). The complaint alleges not only that Defendants failed to provide an adequate examination or diagnosis, but also that they deliberately disregarded Jaclyn's obvious symptoms and failed to treat them. Doc. 38 at ¶¶ 13, 15, 17, 19-21, 31-32, 48, 55, 60. Specifically, the complaint alleges that Jaclyn suffered from "obvious symptoms," *id*. at ¶¶ 14-15, and that Defendants "knew from their observations that JACLYN needed medical care," *id*. at ¶ 55, but nonetheless "fail[ed] to provide timely access to medical treatment for a serious condition of which they were aware," *id*. at ¶¶ 48, 60. Thus, §§ 6-105 and 6-106(a) do not bar Clair's state law claims. *See Avitia v. Dart*, 2017 WL 959018, at *5 (N.D. Ill. Mar. 13, 2017) (denying dismissal under §§ 6-105 and 6-106 because "[t]o the extent that [the defendants] were aware of [the plaintiff's] medical needs (either by deducing it themselves or by a pre-existing diagnosis) and deliberately disregarded those needs by failing to provide him with the mental

4

health treatment he needed, the statute does not shield them from liability"); *Salgado v. Doe*, 2009 WL 2972477, at *5 (N.D. Ill. Sept. 10, 2009) ("Because the actions and omissions [the plaintiff] alleges did not require the [defendants] to make a diagnosis, but instead act on knowledge they possessed, the court cannot find the City immune based on Sections 6-105 and 6-106(a) of the Immunity Act [on a motion to dismiss].").

## II. Statute of Limitations

Defendants also contend that the state law claims against those among them first named in the amended complaint on September 21, 2016 are time-barred under the statute of limitations. "When a defendant charges noncompliance with the statute of limitations, dismissal under Rule 12(b)(6) is irregular, for the statute of limitations is an affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (brackets and internal quotation marks omitted). Because "complaints need not anticipate and attempt to plead around defenses," *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004), dismissal on limitations grounds is appropriate only when it is clear from the face of the complaint that the claim is time-barred, *Mongolian House*, 770 F.3d at 614.

Clair does not dispute that a one-year statute of limitations governs his state law claims. *See* 745 ILCS 10/8-101(a) (requiring civil tort actions against a local entity or its employees to be filed within one year from the date the injury occurred or the cause of action accrued); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (observing that under 745 ILCS 10/8-101(a), "Illinois local governmental entities and their employees … benefit from a one-year statute of limitations for 'civil actions' against them"). That limitations period began to run on February 5, 2015, the day Jaclyn committed suicide, and expired on February 5, 2016. *See State Farm Fire & Cas. Co. v. John J. Rickhoff Sheet Metal Co.*, 914 N.E.2d 577, 593 (Ill. App. 2009)

5

("[F]or tort actions, the cause of action generally accrues at the time of the injury."). According to Defendants, Clair's state law claims against the newly named defendants are time-barred because they were named for the first time after February 5, 2016, Doc. 38, even though the original complaint asserting claims against Cook County, County employees Ude and Mennella, the Cook County Sheriff, Sheriff employees Taylor, Malone, Brown, and McMillian, and "unknown" County and Sheriff employees was filed before February 5, 2016, Doc. 1.

This issue turns on whether the claims against the newly added defendants relate back to the initial complaint under Rule 15(c)(1)(C). The Rule provides that an amended complaint relates back to the date of the original complaint when

> the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed R. Civ. P. 15(c)(1)(C). Defendants do not argue that the newly added defendants suffered prejudice by the delay within the meaning of Rule 15(c)(1)(C)(i), so only Rule 15(c)(1)(C)(ii) need be examined.

For some time, the Seventh Circuit adhered to what was known as the John Doe rule, which provided that "'relation back' on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (some internal quotation marks omitted). The landscape changed with *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), which held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should

6

have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id*. at 541. In *Krupski*, a passenger who was injured on a cruise ship initially sued "Costa Cruise," even though "Costa Crociere" (the "actual carrier and vessel operator" for Costa Cruise Lines) was the proper defendant. *Id*. at 541, 543-44. Because "Costa Crociere should have known, within the Rule 4(m) period, that it was not named as a defendant … only because of Krupski's misunderstanding about which 'Costa' entity was in charge of the ship," the Supreme Court concluded that Rule 15(c)(1)(C) was satisfied. *Id*. at 554-55. As the Seventh Circuit later explained, *Krupski*

> changed what we and other courts had understood, in *Hall* and the other cases we cited, to be the proper standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint. We had thought the focus should be on what the plaintiff knew or should have known … . The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself.

*Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 559-60 (7th Cir. 2011).

The question here is whether the John Doe rule survived *Krupski*. The Seventh Circuit has not expressly analyzed this issue, and courts in this District have reached opposite conclusions. *See Cheatham v. City of Chicago*, 2016 WL 6217091, at *3 (N.D. Ill. Oct. 25, 2016) ("Courts in this district disagree on whether lack of knowledge of a defendant's identity counts as a mistake post-*Krupski*.") (citing cases); *White v. City of Chicago*, 2016 WL 4270152, at *17 (N.D. Ill. Aug. 15, 2016) (citing cases).

It is true that the Supreme Court in *Krupski* and the Seventh Circuit in *Joseph* did not *expressly* repudiate the John Doe rule. In those two cases, the plaintiff knew the identity of two

7

potential defendants and initially named the wrong one—unlike the John Doe situation, where the plaintiff initially sues a defendant whose identity the plaintiff does not know. But that distinction makes no legal difference. The Seventh Circuit in *Hall*, which reaffirmed the John Doe rule, rejected the plaintiff's attempt to distinguish situations where the wrong defendant is named from those where an unknown defendant is named. *See Hall*, 469 F.3d at 596 ("We do not think this distinction makes any difference."). Moreover, "*Krupski* appears to endorse *Hall*'s similar treatment of the two situations by noting that the definition of 'mistake' includes not just 'an error, misconception, or misunderstanding' but 'inadequate knowledge' as well." *White*, 2016 WL 4270152, at *16 (citing *Krupski*, 560 U.S. at 548-49) (brackets omitted). It follows that "[w]hile the issue was not before the court in *Joseph*, *Krupski* also must have cut the ground out from under *Hall*'s view that the naming of a fictitious 'John Doe' defendant was not a 'mistake' … ." *White*, 2016 WL 4270152, at *16 (some internal quotation marks omitted); *see also Klinger v. City of Chicago*, 2017 WL 736895, at *5 (N.D. Ill. Feb. 24, 2017) (same); *Cheatham*, 2016 WL 6217091, at *3 (same).

Under *Krupski* and *Joseph*, then, the court must limit its inquiry under Rule 15(c)(1)(C)(ii) to what the newly named defendants knew or should have known. *See Krupski*, 560 U.S. at 553-54 ("[T]he question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant."); *Joseph*, 638 F.3d at 559-60 (limiting analysis under Rule 15(c)(1)(C)(ii) to "whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant"). Because the complaint does not speak to what the newly added defendants knew or should have known about this lawsuit, the court cannot resolve

the Rule 15(c)(1)(C)(ii) issue in their favor on a motion to dismiss. *See Klinger*, 2017 WL 736895, at *6 (holding that the defendant "is not entitled to dismissal of the complaint at this stage of the proceedings on the basis of the statute of limitations having run" because what the defendant "knew or should have known … cannot in any event be answered on the pleadings"); *Ryan v. City of Chicago*, 2016 WL 6582570, at *2 (N.D. Ill. Nov. 7, 2016) ("Because these developments require the court to consider what the Unknown Officers knew concerning Ryan's suit, the Court denies the City's motion [to dismiss] at this time and awaits … a more developed record before making a determination on the statute of limitations issues raised here."); *Karney v. City of Naperville*, 2016 WL 6082354, at *9 (N.D. Ill. Oct. 18, 2016) ("Nor can the Court conclude based on the factual allegations of the complaint that Fletcher did not know *and* should not have known that but for Plaintiff's inability to discover his identity he would have been named as a defendant.").

## Conclusion

Defendants' motion to dismiss Clair's state law claims is denied. They shall answer the complaint in its entirety by April 27, 2017.

April 13, 2017

United States District Judge